NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0254n.06

No. 14-5691

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 08, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| v. | )   THE EASTERN DISTRICT OF |
| | )   TENNESSEE |
| ANTHONY BERNARD BROOME, | ) |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: MERRITT, BOGGS, and ROGERS, Circuit Judges.

PER CURIAM. Anthony Bernard Broome appeals the sentence imposed upon the revocation of his supervised release.

Broome was convicted in 1997 of possession of cocaine with intent to distribute, possession of a firearm in connection with drug trafficking, and possession of a firearm by a felon. He was sentenced to 130 months of imprisonment and six years of supervised release. While on supervised release, Broome was convicted in state court of possession with intent to distribute cocaine and was sentenced to twelve years of imprisonment. He admitted that his state conviction was a violation of the terms of his supervised release. The guidelines range for the revocation was thirty to thirty-six months of imprisonment. At the sentencing hearing, Broome argued for a sentence below the guidelines range, emphasizing that he had complied with the terms of supervised release for approximately four years before his violation. The district court discussed the seriousness of the new offense and the need for deterrence, and imposed a sentence

of thirty months, at the bottom of the guidelines range, with no further supervised release to follow.

On appeal, Broome argues that his sentence is unreasonable. He contends that his original sentence from 1997 was longer than it would be if he committed the same offense today, and that the district court failed to consider his argument that he complied with the terms of his supervised release for four years.

A sentence imposed on the revocation of supervised release is reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). A sentence within the guidelines range may be presumed to be substantively reasonable. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). Nothing presented by Broome overcomes the presumption that his bottom-of-the-range sentence is reasonable, or demonstrates any abuse of discretion by the district court. He claims without support that his original sentence for his 1997 conviction was longer than what he would receive today. The government refuted this claim, noting that Broome was not sentenced for crack cocaine but powder cocaine, for which the penalties have not changed. Broome also argues that the district court failed to consider his compliance with the supervised release conditions for four years. The court was not required to address this argument explicitly. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). The transcript shows that the district court was troubled by Broome's commission of the same offense for which he was originally sentenced and concluded that at least a bottom-of-the-range sentence was necessary for purposes of deterrence. Finding no abuse of discretion by the district court, we AFFIRM Broome's sentence.